IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-04-0288-03 |
| | § | |
| ANTHONY Q. MOSLEY | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Anthony Q. Mosley, for a "conditional writ" of habeas corpus to obtain a direct appeal or, alternatively, his immediate release from custody. (Doc. # 283). The Court construes the motion as one governed by 28 U.S.C. § 2255. Based on a careful review of all pertinent matters in this criminal case, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **denies** the motion for reasons set forth below.

**I.   BACKGROUND**

In 2004, a grand jury in this district returned a twenty-seven count superseding indictment charging Anthony Q. Mosley, and others, with conspiracy to defraud the United States government. The defendants were accused of embezzling, stealing, or fraudulently appropriating approximately $3 million dollars in funds from a federal assistance program through the local "Prepared Table" charter school operated by the Greater Progressive Tabernacle Baptist Church. The defendants were also charged with wire fraud, program fraud, money laundering, and unlawful structuring of currency transactions.

On April 19, 2005, Mosley pleaded guilty to counts 1, 9, 10, 12, 14, and 19 of the

superseding indictment pursuant to a written plea agreement with the government. (Doc. # 186). Under the terms of that plea agreement, Mosley waived his right to a trial. He also waived his right to an appeal and his right to a collateral attack under 28 U.S.C. § 2255. On September 2, 2005, the Court sentenced Mosley to serve a total of 72 months in prison, followed by a 3-year term of supervised release. (Doc. # 225). In an amended judgment entered on May 3, 2006, the Court directed Mosley to make restitution in the amount of $1,700,000 to the Texas Education Agency and $300,000 to the United States Department of Agriculture for a total of $2,000,000. Mosley is jointly and severally liable for that amount with co-defendants Louvicy Wilcox and Roshall Frank.

Mosley did not file an appeal. Instead, on February 4, 2008, Mosley filed a motion for a reduction in his sentence, arguing that the government had breached its plea agreement. On May 6, 2008, the Court denied that motion. (Doc. # 282).

Mosley now seeks relief from his conviction on the grounds that he was denied effective assistance of counsel because his defense attorney failed to pursue an appeal. The Court concludes that he is not entitled to relief for reasons discussed further below.

## II.     DISCUSSION

### A.     Mosley's Claims are Time-Barred

Mosley seeks a writ of habeas corpus to challenge his conviction and sentence. Because Mosley seeks to vacate, set aside, or correct his sentence, his motion is governed by 28 U.S.C. § 2255. The motion, which is dated June 5, 2008, is well outside the one-year statute of limitations for collateral review. *See* 28 U.S.C. § 2255(f); *see also United States*

*v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). The Court advised Mosley of the statute of limitations on collateral review in an order entered previously on May 6, 2008. (Doc. # 282). Because Mosley does not demonstrate that he fits within a statutory or equitable exception to the statute of limitations, it appears that his motion for collateral review is untimely.

### B. Mosley Has Waived Collateral Review

More importantly, as Mosley concedes, this Court has previously considered a motion for relief from the sentence. The Court construed that motion as one filed under 28 U.S.C. § 2255.[1] (Doc. # 282). In that order, the Court noted that Mosley was not entitled to relief because, pursuant to the written plea agreement in this case, he had waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. (Doc. # 186). By signing that agreement, Mosley expressly gave up "the right to contest or 'collaterally attack' his plea, conviction and sentence by means of any post-conviction proceeding." (Doc. # 186, *Plea Agreement*, at ¶ 12). It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Mosley does not challenge the voluntariness of his plea or the validity of the waiver

---

[1] Notably, the claims referenced in the pending motion could have and should have been presented previously. Thus, it appears that the pending motion qualifies as a second or successive request for collateral review, which is prohibited by 28 U.S.C. § 2255(h). *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). To the extent that the pending petition is successive, Mosley is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). Mosley has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction to consider his motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

in this instance. Moreover, Mosley does not allege that the plea agreement or the waiver was tainted by the ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Likewise, Mosley does not allege or show that the sentence imposed exceeded the statutory maximum. *See United States v. Hollins*, 97 F. App'x, 2004 WL 963250, at *2 (5th Cir. No. 02-21040, May 4, 2004) (recognizing an exception to the enforcement of a § 2255 waiver where the sentence facially exceeds the statutory limit). Because Mosley does not otherwise allege facts which cast doubt on the validity of the waiver of collateral review, the Court concludes that his pending claims are foreclosed by the written plea agreement.

### C. Mosley's Claims Are Without Merit

Alternatively, to the extent that his claims are not waived or otherwise barred, Mosley fails to show that he was denied effective assistance of counsel in connection with his right to appeal. A claim that counsel has provided ineffective assistance on appeal is governed by the test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray*, 477 U.S. 527, 535-36 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal — that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice

by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal." *Robbins*, 528 U.S. at 278. Counsel is not deficient for failing to raise every non-frivolous issue on appeal. *United States v. Reinhart*, 357 F.3d 521, 524 (5th Cir. 2004) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 2000)). To the contrary, counsel's failure to raise an issue on appeal will be considered deficient performance only when that decision "fall[s] below an objective standard of reasonableness." *Id*. This standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id*. "Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Id.*

Mosley complains that his attorney was deficient for failing to raise the following issues on appeal: (1) the government breached its agreement not to oppose a 3-level reduction for acceptance of responsibility; (2) the government breached its agreement to recommend a sentence at the low end of the applicable Guideline range; (3) his sentence was enhanced in error under § 3B1.1(b) of the Sentencing Guidelines based on a finding that he was a manager or supervisor of criminal activity; and (4) his sentence was enhanced in error under § 3C1.1 of the Sentencing Guidelines based on a finding that he obstructed justice. The record refutes Mosley's claim that his counsel was ineffective for failing to pursue a direct appeal. As noted above, Mosley waived his right to appeal pursuant to a written plea

agreement. Mosley does not contest the waiver's validity or allege facts showing that his claims were somehow excluded from the waiver of appeal.

Even if not waived, Mosley does not provide sufficient facts in support of his proposed claims. Thus, to the extent that Mosley complains that he was not allowed the opportunity to raise these claims on appeal, his allegations of ineffectiveness are conclusory and insufficient to establish deficient performance or actual prejudice. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) (stating that "conclusional allegations" and general claims are insufficient to establish ineffective assistance or to require an evidentiary hearing on that issue), *cert. denied*, — U.S. —, 128 S. Ct. 456 (2007); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir.) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.") (quoting *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998)), *cert. denied*, 546 U.S. 871 (2005).

A review of the record fails to disclose any breach on the government's part and there is no indication that the sentence was enhanced incorrectly. According to the plea agreement, the United States agreed not to oppose a 3-level reduction in sentence for acceptance of responsibility and it further agreed to recommend sentencing at the low end of the guideline range. (Doc. # 186, *Plea Agreement*, ¶ 2). The record reflects that Mosley received a 3-level reduction in his base offense score, as recommended by the government, for his acceptance of responsibility. With a total offense score of 26 and his placement in Criminal History Category I, Mosley faced a potential range of imprisonment from 63 months to 78 months. Although the government recommended the low end of the Guidelines

range, consistent with the plea agreement, the Court sentenced Mosley to 72 months, which is near the middle of that range. The Court imposed a sentence that it thought was appropriate under the circumstances and Mosley does not demonstrate that any of the enhancements were incorrect or that the sentence was unreasonable under the facts or the law.

Based on this record, Mosley does not show that his counsel failed to raise a non-frivolous issue or that he would have prevailed if his counsel had pursued an appeal on his behalf. Thus, Mosley fails to establish deficient performance or actual prejudice on his counsel's part. It follows that Mosley has failed to demonstrate that his counsel was ineffective and he does not otherwise establish that his conviction or sentence were tainted by a constitutional violation. Accordingly, Mosley is not entitled to relief from his conviction or sentence under 28 U.S.C. § 2255.

### III. CONCLUSION AND ORDER

Accordingly, for all of the forgoing reasons, it is **ORDERED** that Mosley's pending motion (Doc. # 283) is **DENIED**. To the extent that one is required by 28 U.S.C. § 2253, no certificate of appealability will issue from this decision.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>December 5</u>, 2008.

Nancy F. Atlas
United States District Judge